

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
    FILED

   JUL - 7 2025

CLERK, U.S. DISTRICT COURT
By_____
       Deputy
```

UNITED STATES OF AMERICA

v.

CAMERON ARNOLD (01)
SAVANNA BATTEN (02)
NATHAN BAUMANN (03)
ZACHARY EVETTS (04)
JOY GIBSON (05)
BRADFORD MORRIS (06)
MARICELA RUEDA (07)
SETH SIKES (08)
ELIZABETH SOTO (09)
INES SOTO (10)

No. 4:25-mj-452

## CRIMINAL COMPLAINT

I, Clark Wiethorn, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### COUNT 1: ATTEMPTED MURDER OF FEDERAL OFFICER

On or about July 4, 2025 in the Northern District of Texas, defendants **Cameron Arnold, Savanna Batten, Nathan Baumann, Zachary Evetts, Joy Gibson, Bradford Morris, Maricela Rueda, Seth Sikes, Elizabeth Soto**, and **Ines Soto**, aiding and abetting each other, did, with premeditation and malice aforethought, unlawfully attempt to kill Correctional Officer-1, a federal officer and employee engaged in and on account of the performance of his/her official duties, in violation of 18 U.S.C. §§ 1114(a)(3) and 1113, and 2.

### COUNT 2: ATTEMPTED MURDER OF FEDERAL OFFICER

On or about July 4, 2025 in the Northern District of Texas, defendants **Cameron Arnold, Savanna Batten, Nathan Baumann, Zachary Evetts, Joy Gibson, Bradford Morris, Maricela Rueda, Seth Sikes, Elizabeth Soto**, and **Ines Soto**, aiding and abetting each other, did, with premeditation and malice aforethought, unlawfully attempt to kill Correctional Officer-2, a federal officer and employee

engaged in and on account of the performance of his/her official duties, in violation of 18 U.S.C. §§ 1114(a)(3) and 1113, and 2.

## COUNT 3: ATTEMPTED MURDER OF FEDERAL OFFICER

On or about July 4, 2025 in the Northern District of Texas, defendants **Cameron Arnold, Savanna Batten, Nathan Baumann, Zachary Evetts, Joy Gibson, Bradford Morris, Maricela Rueda, Seth Sikes, Elizabeth Soto**, and **Ines Soto**, aiding and abetting each other, did, with premeditation and malice aforethought, unlawfully attempt to kill APD Officer-1, a person assisting a federal officer and employee engaged in and on account of the performance of his official duties, in violation of 18 U.S.C. §§ 1114(a)(3) and 1113, and 2.

## COUNT 4: DISCHARGING A FIREARM DURING, IN RELATION TO, AND IN FURTHERANCE OF A CRIME OF VIOLENCE

On or about July 4, 2025 in the Northern District of Texas, defendants **Cameron Arnold, Savanna Batten, Nathan Baumann, Zachary Evetts, Joy Gibson, Bradford Morris, Maricela Rueda, Seth Sikes, Elizabeth Soto**, and **Ines Soto**, aiding and abetting each other, knowingly possessed, used, and discharged a firearm, to-wit: two AR-15-style rifles, during and in relation to a crime of violence, namely, attempted murder of a federal officer, in violation of 18 U.S.C. § 1114, as charged in Count One of this Complaint, for which the defendants may be prosecuted in a court of the United States, and in so doing knowingly discharged said firearm in furtherance of the commission of this offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.

## COUNT 5: DISCHARGING A FIREARM DURING, IN RELATION TO, AND IN FURTHERANCE OF A CRIME OF VIOLENCE

On or about July 4, 2025 in the Northern District of Texas, defendants **Cameron Arnold, Savanna Batten, Nathan Baumann, Zachary Evetts, Joy Gibson, Bradford Morris, Maricela Rueda, Seth Sikes, Elizabeth Soto**, and **Ines Soto**, aiding and abetting each other, knowingly possessed, used, and discharged a firearm, to-wit: two AR-15-style rifles, during and in relation to a crime of violence, namely, attempted murder of a federal officer, in violation of 18 U.S.C. § 1114, as charged in Count Two of this Complaint, for which the defendants may be prosecuted in a court of the United States, and in so doing knowingly discharged said firearm in furtherance of the commission of this offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.

## COUNT 6: DISCHARGING A FIREARM DURING, IN RELATION TO, AND IN FURTHERANCE OF A CRIME OF VIOLENCE

On or about July 4, 2025 in the Northern District of Texas, defendants **Cameron Arnold, Savanna Batten, Nathan Baumann, Zachary Evetts, Joy Gibson, Bradford Morris, Maricela Rueda, Seth Sikes, Elizabeth Soto**, and **Ines Soto**, aiding and abetting each other, knowingly possessed, used, and discharged a firearm, to-wit: two AR-15-style rifles, during and in relation to a crime of violence, namely, attempted murder of a person assisting a federal officer, in violation of 18 U.S.C. § 1114, as charged in Count Three of this Complaint, for which the defendants may be prosecuted in a court of the United States, and in so doing knowingly discharged said firearm in furtherance of the commission of this offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.

## Agent Overview

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been since December 2020. Currently, I am currently assigned to a squad in Fort Worth, Texas that is responsible for investigating terrorism cases. I am responsible for conducting investigations into various threats, including racially motivated violent extremism, militia extremism, weapons of mass destruction violations, and violent antigovernment extremists. I have received training in such areas as counter terrorism, threat management, threat assessment and violent crimes. I have worked investigations dealing with violent gangs, transportation and distribution of illegal narcotics, firearms offenses, access device fraud and money laundering. I have also received training regarding computers and digital evidence. The investigations I have conducted have often involved the use of physical surveillance, cooperating witnesses, financial and telephone toll record analysis, the execution of search and arrest warrants, and the debriefing of witnesses and subjects. I also have experience in the review of evidence obtained during the execution of search warrants. Prior to joining the FBI, I was a Police Officer for the

city of Grapevine, Texas for 7 years, a Uniformed Division Officer with the United States Secret Service for 2 years, and a Correctional Officer with the Texas Department of Criminal Justice for 5 years.

## PROBABLE CAUSE

### Defendants and Background

2. **Cameron Arnold**, aka Autumn Hill, was a residence of Dallas, Texas.

3. **Savanna Batten** was a resident of Fort Worth, Texas.

4. **Nathan Baumann** was a resident of College Station, Texas.

5. **Zachary Evetts** was a resident of Waxahachie, Texas.

6. **Joy Gibson** was a resident of Dallas, Texas.

7. **Bradford Morris** aka Meagan Morris was a resident of Dallas, Texas.

8. **Maricela Rueda** was a resident of Fort Worth, Texas.

9. **Seth Sikes** was a resident of Kennedale, Texas.

10. **Elizabeth Soto** was a resident of Fort Worth, Texas.

11. **Ines Soto** was a resident of Fort Worth, Texas.

12. Prairieland Detention Center, located at 1209 Sunflower Lane, Alvarado, Texas was and is being used as a Department of Homeland Security ("DHS") detention facility that holds persons related to immigration violations or who are awaiting deportation hearings.

13. Prairieland Detention Center has Correctional Officers who are contracted by DHS as officers to perform official duties on behalf of DHS.

## Attack on Prairieland Detention Center

14. On July 4, 2025, at approximately 10:37 p.m. Central Daylight Time, a group of around ten to twelve individuals wearing all black began shooting fireworks towards the Prairieland Detention Center.

15. Around 10:47 p.m., one or two individuals broke off from the main group and began to graffiti and damage vehicles and a guard structure in the parking lot at the facility, including the following:







16. Around 10:56, the Correctional Officers called 911.

17. Around 10:58, two unarmed Correctional Officers performing official duties for DHS at the Prairieland Detention Center came out to the fence line separating the facility from the parking lot and the woods and attempted to talk to the vandals. The Correctional Officers then exited the fence line into the parking lot and approached the vandals.

18. Meanwhile, a person wearing a green mask can be seen standing outside the woods just north of the intersection of Tanglewood Drive and Sunflower Lane, and appeared to be signaling to the vandals with a flashlight.

19. At the same time, around 10:59 p.m., an Alvarado Police Department ("APD") officer arrived in the parking lot at the Prairieland Detention Center in response to the 911 call by the Correctional Officers in order to assist the Correctional Officers in their official duties. Immediately after the APD officer got out of his vehicle, an assailant in the woods opened fire, shooting the APD officer in the neck area. The assailant in the green mask, standing near the woods on Sunflower Lane, then also opened fire at the unarmed DHS correctional officers. In total, the assailants shot approximately 20 to 30 rounds at the Correctional Officers. Police later recovered spent 5.56 caliber casings at the locations of both of the shooters. That caliber is typically used with AR-15-style rifles.

20. The shooting was captured on both CCTV and the APD officer's body-worn camera.

21. Police later found a Franklin Armory AR-15-style rifle west of the shooting on Tanglewood Drive. The rifle had a bullet jammed in the chamber, thereby causing it to

malfunction. A second AR-15-style rifle was found abandoned in the woods across from the Prairieland Detention Center, in the vicinity of spent 5.56 casings, along with two body armor plate carriers with loaded AR-15 magazines. A pistol magazine was also recovered nearby.

22. Shortly thereafter, a Johnson County Sheriff's Office ("JCSO") detective who was enroute to Prairieland Detention Center was radioed and told that a red/maroon Hyundai was observed fleeing the scene and that it was headed in the detective's direction. The JCSO detective made a traffic stop on a 2007 red/maroon Hyundai van less than a mile away, as shown below in Figure 1.



23. During the traffic stop, JCSO officers observed a black pistol in plain view in the van and asked the sole occupant, identified as **Morris**, if there were any other firearms in the van. **Morris** told the JCSO officers that there was another firearm in the backseat. At

Criminal Complaint - Page 7 of 14

that time, the officers observed an AR-15-style rifle in the backseat of the van. **Morris** was removed from the van and detained. The JCSO officers also saw two Kevlar ballistic style vests, one of which was in the backseat and the other was in the back of the van. There was also a ballistic helmet in the van. **Morris** had a loaded magazine in his pocket that matched the pistol, and a hand-held-radio in his possession. Another AR-15-style rifle was found in the back of **Morris's** van.

24. **Morris** admitted that he had been at the Prairieland Detention Center, and claimed that he met some people online and transported some of them down from Dallas to the Prairieland Detention Center to "make some noise." **Morris** claimed ownership of all the firearms in the vehicle. The JCSO officers took **Morris**, into custody.

25. At approximately 11:10 p.m., JCSO Deputies responding to the Prairieland Detention Center made contact with seven additional subjects on foot at the intersection of Tanglewood Dr. and Burnett Blvd., approximately 300 yards west of where the assailants shot the APD officer. The subjects were identified as **Elizabeth Soto, Ines Soto, Baumann, Rueda, Sikes, Gibson,** and **Batten.** They were dressed in black, military-style clothing, some had on body armor, some were covered in mud, some were armed, and some had radios.

26. Additional firearms, magazines containing ammunition, and a total of twelve sets of body armor were found during a search of the vehicles, persons, and area around the Prairieland Detention Center, including the following:







27.  **Baumann** was wet and his clothing was covered with burs, indicating that he had

been crawling around in the woods. He also had a backpack that contained a can of spray paint and flyers, including the following:





Police also found, in the area where **Baumann** was arrested, an iPhone and an identification card belonging to **Baumann**.

28. **Gibson** had two cell phones in his backpack inside a "Faraday bag." Based on my training and experience, I know that Faraday bags are used to block certain electromagnetic signals, including phone signals and are commonly used by criminal actors to try to prevent law enforcement from tracking location information through cell phones.

29. **Sikes** had a handgun in his waist band, as well as an AR-15-style upper and lower receiver broken down in a backpack he was wearing. Police later determined that the AR-15-style rifle was purchased approximately ten days prior by Individual-1 from a pawn shop in Grand Prairie, Texas in Tarrant County. **Sikes** admitted that the guns were his but claimed that they were for his own protection and that he never intended to use them.

30. **Evetts** was the registered owner of a red 2016 Mazda CX-5 that was observed parked at Prairieland Detention Center during and after the encounter. On July 5, 2025, at approximately 2:00 a.m., law enforcement encountered **Evetts** dressed in black, military style clothing walking along Highway 67 near Venus, Texas, approximately three miles from the Prairieland Detention Center. After confirming his identity and connection to the Mazda left on scene, **Evetts** was arrested by the Venus Police Department ("VPD"). During a search incident to arrest, VPD officers found a black balaclava mask, a pair of tactical style gloves, and a pair of safety goggles. An officer asked **Evetts** where he was coming from and he said, "I do not know," or words to that effect.

31. On or about July 5, 2025, pursuant to a valid search warrant, law enforcement searched 2452 56th Street, Dallas, Texas, **Morris's** residence. Police recovered approximately nine additional firearms, three body-armor vests, cans of spray paint, and

fireworks. In addition, historical cellphone location data indicates that **Morris's** house was a staging location before the assailants went to the Prairieland Detention Center.

32.     At the residence was **Arnold**, whom a codefendant confirmed was at the Prairieland Detention Center during the assault.

33.     On July 6, 2025, at 10:55 a.m., **Rueda** placed a phone call to Daniel Rolando Sanchez, who is charged in a separate complaint. **Rueda** told Sanchez that her car—which is registered to her home address in Fort Worth—was parked on the same block as **Morris's** residence in Dallas and stated that a phone was located in the back. **Rueda** told Sanchez to tow the vehicle and go to her house, stating "whatever you need to do, move whatever you need to move at the house." **Rueda** expressed concern about the possibility of police executing a search warrant at her house. Sanchez told **Rueda** that he had already gone to **Rueda's** house and said that they were good. I understood this to mean that Sanchez believed that **Rueda's** house had not yet been searched by police. Based on the context of the conversation and other information, I believe that **Rueda** and Sanchez were talking about **Rueda's** home in Fort Worth.

34.     On July 7, 2025, at 10:49 a.m., FBI surveillance team went to a residence in Garland, Texas, which they believed was the residential address for Sanchez. FBI observed a vehicle registered to Sanchez at the residence and saw Sanchez carrying multiple packages from his residence to his truck. FBI followed Sanchez to an apartment in Denton, Texas, and saw him take a box from his truck to the apartment. The FBI executed a search warrant on the Denton apartment and found the box carried by Sanchez, which contained anti-government propaganda, including the following:



## CONCLUSION

35. Based upon the foregoing facts, I submit there is probable cause to believe that **Cameron Arnold, Savanna Batten, Nathan Baumann, Zachary Evetts, Joy Gibson, Bradford Morris, Maricela Rueda, Seth Sikes, Elizabeth Soto,** and **Ines Soto** violated 18 U.S.C. §§ 1114 (attempted murder of a federal officer), 1113 (attempted murder), 924(c)(1)(A)(iii) (discharge of a firearm in relation to a crime of violence), and aiding and abetting.

CLARK WIETHORN
SPECIAL AGENT
FEDERAL BUREAU of INVESTIGATION

Subscribed and sworn to before me on this __7th__ day of July, 2025, in Fort Worth, Texas at __3:45__ a.m./~~p.m.~~

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE